UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WESTPORT INSURANCE
CORPORATION,                                          Case No. 07-12106

    Plaintiff,                                   Honorable Nancy G. Edmunds

v.

AL BOURDEAU INSURANCE SERVICES,
TERRI'S LOUNGE, AND AARON
THERIAULT,

    Defendants.
_____/


**OPINION AND ORDER GRANTING DEFENDANT AL BOURDEAU INSURANCE SERVICES' MOTION TO DISMISS DECLARATORY JUDGMENT ACTION [8]**

    This insurance dispute comes before the Court on Defendant Al Bourdeau Insurance Services ("Bourdeau")'s motion, arguing that this Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and dismiss this action. Plaintiff Westport Insurance Corporation ("Westport Insurance")'s complaint seeks a declaratory judgment that its insured, Bourdeau, breached the notice and cooperation provisions of its insurance policy and is thus not entitled to coverage for damages flowing from an underlying state court action against Bourdeau alleging brokerage negligence. For the reasons stated below, this Court GRANTS Bourdeau's motion to dismiss.

**I.    Facts**

    The facts giving rise to this insurance dispute involve two, related state-court actions.

**Dram Shop Action**

The first is a dram shop action brought by Aaron Theriault against Terri's Lounge, Inc. d/b/a Terri's Lounge, Michael Hensley, and Jonathan Hills and filed on January 3, 2005 in Genesee County Circuit Court, Case No. 05-80573-NS, and assigned to Judge Neithercut. A summons and complaint was served on Terri's Lounge, Inc. on January 6, 2005. Terri's Lounge, Inc. failed to file an answer, a default was entered, and Aaron Theriault moved for and was awarded a default judgment in the amount of $3 million against Terri's Lounge, Inc. on February 14, 2005. (Def.'s Ex. B, Theriault Compl.; Def.'s Ex. D, Default Judgment.) The default judgment has not been appealed.

**Broker Negligence Action**

The second state-court action ("Broker Negligence Action") was filed on May 5, 2005 in Genesee County Circuit Court, Case No. 05-81385-NZ, and assigned to Judge Neithercut. Aaron Theriault, assignee of Terri's Lounge, Inc., brought the action against Al Bourdeau Insurance Service, alleging that Bourdeau's failure to advise Terri's Lounge to report Theriault's dram shop action to another insurance agency caused the default judgment.[1] A non-jury trial was held in June 2006. On September 19, 2006, an opinion and order was entered awarding final judgment in favor of the plaintiff. (Pl.'s Ex. B, 6/19/06 Op. & Order.)

In the Broker Negligence Action, the plaintiff argued that (1) Bourdeau had a special relationship with Gene Reid, the owner of Terri's Lounge, Inc., and Terri's Lounge; (2) the special relationship gave rise to duties imposed on Bourdeau; (3) Bourdeau breached those

---

[1] The Michigan Department of Community Health intervened as a plaintiff in this action. (Pl.'s Ex. B, 9/20/06 Op. & Order at 1.)

2

duties; and (4) the breaches resulted in damages in the amount of $3 million. Bourdeau disputed each of these arguments.

The state court first addressed Bourdeau's argument that Plaintiff suffered no damages. It observed that, logically, the argument was persuasive. Even if there were a special relationship and Bourdeau had informed Gene Reid that he should turn the dramshop paperwork over to his dramshop carrier (North Pointe), that carrier would have defended the action and at best paid the $50,000 policy limits to Aaron Theriault. That is precisely what happened anyway, even with an alleged breach by Bourdeau. Terri's Lounge's dramshop insurer paid Aaron Theriault the policy limits of $50,000. Nonetheless, the state court was persuaded by the plaintiff that Michigan law provided for a different result; if a special relationship is established, then the insurance agent has a duty to advise an insured and is liable for "any damages" resulting from the breach. (*Id.* at 2-3.) Accordingly, the court was required to determine whether a special relationship existed between Terri's Lounge and Bourdeau and whether a breach had occurred.

Applying Michigan law to the facts, the state court concluded that a special relationship did exist between Terri's Lounge and Bourdeau because it had voluntarily set up a claims department and instructed the owner of Terri's Lounge to bring claims there. It further concluded that Bourdeau breached the duty that arose from that special relationship when it failed either (1) to tell Terri's Lounge to file the dramshop claim with its dramshop carrier; or (2) to do so itself. (*Id.* at 4.) The state court next considered what damages resulted from Bourdeau's breach.

3

The plaintiff claimed damages were the $3 million amount of the default judgment entered against Terri's Lounge. The state court determined that Gene Reid, the owner and agent of Terri's Lounge, was 50% at fault for the $3 million default judgment because he:

> knew that Terry's [sic] Lounge had dramshop and general liability policies with separate agents. He knew he worked with those two separate agents, but failed to notify his dramshop carrier North Pointe of any form of claim. He received letters, notices, and pleadings threatening default judgment from the Plaintiff but he failed to make any inquiry of either insurance agent as to how they were handling the potential default. After he dropped off the original letter and complaint to Defendant Al Bourdeau Insurance Service, Inc., he did nothing.

(*Id.* at 5.) Accordingly, the state court awarded a judgment against Bourdeau in the amount of $1.5 million. (*Id.*)

The state court Opinion and Order was filed on September 20, 2006. Bourdeau subsequently filed a number of post-trial motions, including motions for a new trial. On June 4, 2007, the state court entered an Order denying those motions; amended the judgment to reflect the $50,000 paid by Terri's Lounge's dramshop insurer, North Pointe Insurance Company, to Aaron Theriault; and closed the case. (Pl.'s Ex. G, 6/4/07 Order.) On June 12, 2007, Bourdeau filed a claim of appeal with the Michigan Court of Appeals. (Pl.'s Ex. H, docket sheet.)

In the meantime, on December 1, 2006, Bourdeau reported the state-court Broker Negligence Action to Westport Insurance. On May 2, 2007, Westport Insurance informed Bourdeau that its "untimely notice and failure to cooperate" with regard to the Broker Negligence Action preclude coverage. (Pl.'s Ex. C, 5/2/07 letter.) On May 15, 2007, Westport Insurance filed this declaratory judgment action, seeking a declaration that Bourdeau breached its insurance policy with Westport when it failed to timely provide notice of and represented itself in the underlying state-court Broker Negligence Action.

4

## II. Analysis

This matter is now before the Court on Bourdeau's motion, arguing that this Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and dismiss this action. The Sixth Circuit Court of Appeals recently addressed this issue in *Travelers Indemnity Co. v. Bowling Green Prof. Assocs, PLC*, ___ F.3d ___, 2007 WL 2066861 (6th Cir. July 20, 2007).

In *Travelers Indemnity*, the court held that the district court abused its discretion when it exercised declaratory judgment jurisdiction in an insurance coverage dispute. *Id.* at ___, 2007 WL 2066861 at *1. It began by observing that "[t]he Declaratory Judgment Act provides that a district court '*may* declare the rights and other legal relations of any interested party seeking such discretion . . . .'" *Id.* at ___, 2007 WL 2066861 at *3 (quoting 28 U.S.C. § 2201(a) and adding emphasis). It is well-established that that language "affords the district court discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction." *Id.* (internal quotes and citations omitted).

When determining whether to entertain an action under the Declaratory Judgment Act, the district court considers the following factors:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

5

*Id.* at ___, 2007 WL 2066861 at *4 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)).  As to the fourth factor, the district court also considers the following:

> (1)  whether the underlying factual issues are important to an informed resolution of the case;
> (2)  whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3)  whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

Bourdeau argues that consideration of these factors favors a decision by this Court not to exercise declaratory judgment jurisdiction over this matter.  Westport Insurance argues to the contrary.  This Court now considers each of the above factors, along with the parties' arguments.

### A. Declaratory Judgment Would Not Settle the Underlying Controversy or Serve a Useful Purpose in Clarifying the Legal Relations in Issue

Westport Insurance argues that a declaratory judgment in this action would settle the controversy in this coverage action.  That same argument was rejected in *Travelers Indemnity*, ___ F.3d at ___, 2007 2007 WL 2066861 at *4-5.  Although a decision to grant the requested declaratory relief would settle the coverage question at issue in this lawsuit and clarify the legal relationship between insurer and insured, it would do nothing to settle the core issue in the underlying Broker Negligence Action concerning whether a special relationship existed between Bourdeau and Terri's Lounge thus creating a duty that was subsequently breached and caused $3 million in damages.  When this declaratory judgment action was filed, the Broker Negligence Action was still pending.  That the matter

is now pending before the Michigan Court of Appeals does not alter the possibility that the trial court's opinion on this core issue might be reversed and the matter remanded back to the state trial court.² Thus, similar to *Travelers Indemnity*, a declaratory judgment in this matter does nothing to settle the controversy in the underlying state court Broker Negligence Action and does nothing to clarify the legal relationship between the parties in that underlying state action; i.e., Bourdeau and Terri's Lounge.

Further, as Defendant Bourdeau points out, a post-judgment collection proceeding in state court is probable. As the Michigan Court Rules provide, the filing of a state court appeal alone does not stay enforcement of the $1.5 million judgment against Bourdeau. Mich. Ct. R. 7.209(A)(1). Any such action filed in state court will likely be assigned to Judge Neithercut, who presided over both of the underlying state court actions that give rise to this declaratory judgment action.³ A decision of no-coverage by this Court will preclude Aaron Theriault, as assignee of Terri's Lounge, from pursing a third-party claim against Westport Insurance in a collection action. A contrary decision will not. Also, a declaratory judgment in this action will not bind the Michigan Department of Community Health, the intervening plaintiff in the underlying Broker Negligence Action, who is not a party to this suit. *Travelers Indemnity*, ___ F.3d at ___, 2007 WL 2066861 at *5. Accordingly, the first two factors weigh against the exercise of declaratory judgment jurisdiction.

### B. No "Procedural Fencing" or "Race For Res Judicata"

---

²Westport Insurance does not provide the Court with contradictory legal authority.

³But-for the underlying dramshop action and Terri's Lounge's failure to appear and defend, there would be no $3 million default judgment against Terri's Lounge. But-for the $3 million default judgment, there would be no Broker Negligence Action against Bourdeau.

7

As to the third factor the district court must consider, there are no facts here that demonstrate Westport Insurance filed this declaratory judgment action as an improper attempt at procedural fencing or to engage in a race for res judicata. Accordingly this factor is neutral.

### C. A Declaratory Judgment Action Would Increase Friction Between State and Federal Courts

When examining the fourth factor, the Court also considers the additional three factors identified by the Sixth Circuit in *Scottsdale*.

First, while it is true that federal courts routinely apply state law when interpreting the terms and exclusions in insurance contracts, this Court agrees with the Sixth Circuit's observation in *Travelers Indemnity* that a state court is "in a better position to apply and interpret its law on these issues." *Id.* at ___, 2007 WL 2066861 at *6. "We have often observed that states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* (internal quotes and citations omitted). "[W]e have held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Id.* (citing cases).

Second, the matter now pending before the Michigan Court of Appeals involves fact-intensive issues concerning Michigan law; i.e., whether a special relationship existed between Terri's Lounge and Bourdeau thus creating a duty that was subsequently breached by Bourdeau and caused $3 million in damages. As discussed above, if the state trial court is affirmed and this Court were to retain jurisdiction and determine that, under

8

Michigan law, there is coverage, then funds under the Westport Insurance policy will become available in a subsequent state-court action to enforce and collect on the $1.5 million judgment against Bourdeau. A coverage action is probable no matter how the Court decides the coverage issue. "[A]lthough the district court cannot be expected to foresee the unforeseeable, the district court must be attentive to the potential problems that can arise when there are dual, . . . actions in state and federal court and should dispose of declaratory judgment actions accordingly." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815 (6th Cir. 2004). Furthermore, federal law plays no part in the insurance dispute at issue here or in the underlying Broker Negligence Action, and federal law will play no part in a subsequent action, if any, to enforce or collect on can $1.5 million judgment against Bourdeau. Rather, it is Michigan law that will dictate a resolution of both this declaratory judgment action and any subsequent state actions. As the Sixth Circuit observed in *Travelers Indemnity*, "[t]his is not a case where federal law will come into play, and, therefore, a state court forum is preferable." ___ F.3d at ___, 2007 2066861 at *6. For all of these reasons, the fourth and *Scottsdale* factors weigh in favor of dismissal of this federal action.

### D. Alternative Remedies to Federal Jurisdiction Exist

As to the fifth and final factor, this Court observes that Michigan's Court Rules allow Westport Insurance to file a declaratory judgment action in Genesee County Circuit Court. Doing so would allow Judge Neithercut, who is very familiar with the factual, procedural, and legal aspects of the underlying controversies to also apply Michigan law to this insurance dispute. Mich. Ct. R. 2.605. There is no basis from which to conclude that this

alternative remedy would fail to adequately protect Westport Insurance's interests. Thus, this factor too weighs against federal discretionary jurisdiction.

## III. Conclusion

For the above stated reasons, this Court declines to exercise federal discretionary jurisdiction over this declaratory judgment action, and GRANTS Defendant Bourdeau's motion to dismiss [8].



        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 2, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2007, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager